UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO MURGUIA, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>FOREMOST INSURANCE COMPANY, *et al.*,<br><br>    Defendants. | Case No.  1:25-cv-01028-KES-CDB<br><br>**ORDER COMPELLING NON-PARTY PRIME RESTORATION CA LLC TO COMPLY WITH RULE 45 SUBPOENAS**<br><br>(Doc. 20)<br><br>**ORDER DIRECTING NON-PARTY PRIME RESTORATION CA LLC TO SHOW CAUSE IN THE ALTERNATIVE WHY IT SHOULD NOT BE SUBJECT TO CIVIL CONTEMPT PROCEEDINGS**<br><br>**ORDER DIRECTING DEFENDANT FOREMOST INSURANCE COMPANY TO EFFECT SERVICE OF THIS ORDER AND FILE PROOF OF SERVICE**<br><br>21-Day Deadline |

Plaintiffs Sergio Murguia and Maria Murguia ("Plaintiffs") initiated this action with the filing of a complaint on December 2, 2024, in the County of Kern Superior Court, Case No. BCV-24-104137, against Defendants Foremost Insurance Company and Foremost Insurance Group ("Defendants"); Defendants removed the case to this Court on August 15, 2025. (Doc. 1). Plaintiffs allege causes of action for breach of contract and insurance bad faith arising from of a homeowners insurance claim relating to Plaintiffs' home. *See id.*

1

Pending before the Court is the request by Defendants to compel non-party Prime Restoration CA LLC ("Prime Restoration) to comply with subpoenas issued pursuant to Rule 45, Federal Rules of Civil Procedure, commanding Prime Restoration to produce identified documents and appear for deposition. (Doc. 20). Plaintiff does not oppose the Court granting Defendant's request and commanding Prime Restoration to comply with the subpoenas. *Id.* at 6. At the Court's direction, Defendant filed the subject subpoenas with proofs of service. *See* (Docs. 21, 22).

## I.      **Background**

In their complaint, Plaintiffs allege that they purchased a homeowner's insurance policy from Defendants and paid premiums thereon. On April 13, 2024, while the insurance policy was in full force and effect, the roof of Plaintiffs' property was damaged due to wind, allowing rainwater to leak through the roof into the interior of the property and cause additional damage. Because Plaintiffs contend the damage was covered under the insurance policy, they submitted a claim to Defendants. In the meantime, Plaintiffs allegedly mitigated their damages and submitted to Defendants an estimate from Prime Restoration for mitigation services it rendered to Plaintiffs in the amount of $15,785.26.

## II.     **Governing Legal Standards**

Rule 26 of the Federal Rules of Civil Procedure provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. *See, e.g., Ford v. Unknown*, No. 2:21-cv-00088-DMG-MAR, 2023 WL 6194282, at *1 (C.D. Cal. Aug. 24, 2023). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Although relevance is broadly defined, it does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978).

Relevant here, Federal Rule of Civil Procedure 45 governs subpoenas, which are the mechanism for obtaining discovery and testimony from nonparties. A subpoena may be issued by the Court, the

2

Clerk of Court, or an attorney as an officer of the Court for witnesses and documents found within its jurisdiction. *See* Fed. R. Civ. P. 45(a)(2), (3). Rule 45 sets forth a subpoena recipient's duties in relation to responding to a subpoena, including, as relevant here, (1) producing documents or making them available for inspection as called for by the subpoena and/or serving objections no later than the date specified for compliance, and (2) attending a deposition.

The only authority in the Federal Rules of Civil Procedure to sanction a nonparty to an action for failure to comply with a subpoena is Rule 45(g). *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983). A properly issued subpoena is itself a court order and a party's noncompliance may warrant contempt sanctions. *Id*. at 494 n.5; *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010). Rule 45(g) provides that the court "may hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or an order related to it." Where a party is seeking to have a contempt sanction imposed against a nonparty, the nonparty has the right to a meaningful opportunity to be heard. *Hyatt*, 621 F.3d at 697-97; *Fisher v. Marubeni Cotton Corp*., 526 F.2d 1338, 1342 (8th Cir. 1975).

### III.    Discussion

First, no party disputes that the information Defendants seek to obtain through the documents and deposition of Prime Restoration called for by the Rule 45 subpoenas is relevant to Plaintiffs' claims and/or Defendants' defenses.

Second, the subpoenas and Defendants' service of them upon Prime Restoration comply with Rule 45. Specifically, the subpoenas (Doc. 22) identify the court from which they issued, state the title of the action and its civil-action number, specify to each person to whom they are directed the time and place set for the return/deposition, and set out the text of Rule 45(d) and (e). *See* Fed. R. Civ. P. 45(a)(1)(A)(i)-(iv).

Rule 45 requires "delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). In this instance, counsel for Defendants represents that Defendants served the subject subpoenas and notice of deposition on Prime Restoration's place of business located at 1690 West Shaw Avenue Suite 220, Fresno, CA 93711, at which the subpoenas/deposition notice were accepted by Ali Painter and Victoria Rosales, who were at the front desk of the office at the time of service. (Doc. 20 at 3, 5). The proofs

of service filed by Defendants confirm that the document subpoena was served upon Prime Restoration on October 23, 2025 (Doc. 22, Ex. 2-9), the original deposition subpoena was served on April 13, 2026 (*id.*, Ex. 2-10), and the amended deposition subpoena was served on April 30, 2026 (*id.*, Ex. 2-5).

Third, Prime Restoration did not comply with the subpoenas. They neither filed objections nor sought to quash the subpoenas. Further, they failed to produce documents or appear for deposition as noticed, despite statements conveyed via email to counsel for Defendant by a representative of Prime Restoration that they were available on an identified date to appear for deposition and were in the process of gathering responsive records. *Id.* at 4.

Accordingly, Defendants have preliminarily established that Prime Restoration violated a specific and definite order of the Court by failing to appear for deposition and failing to produce documents as called for by the subpoenas.

Accordingly, the Court will order Prime Restoration to comply with the subpoenas issued by Defendants within 21 days of Defendants' service of this order upon Prime Restoration. If Prime Restoration fails to comply with the subpoenas as ordered, it shall show cause in a written filing with this Court made by a duly authorized agent of Prime Restoration why it should not be held in contempt for its failure to comply with the subpoenas. If Prime Restoration fails to timely comply with this order, the undersigned will certify the facts set forth herein and otherwise of record to the presiding district judge and order Prime Restoration to appear for civil contempt proceedings.

## IV.    **Conclusion and Order**

For the reasons set forth above, it is HEREBY ORDERED that Defendants shall serve a copy of this order upon Prime Restoration CA LLC and file proof of service no later than June 12, 2026.

And it is FURTHER ORDERED that Prime Restoration CA LLC shall comply with the Rule 45 subpoenas served by Defendants and commanding Prime Restoration CA LLC to appear for deposition and produce documents within 21 days of its receipt of this order.

And it is FURTHER ORDERED that, if Prime Restoration CA LLC fails to timely comply with the Rule 45 subpoenas served by Defendants, it shall, within 21 days of its receipt of this order, show cause in a written filing with this Court made by a duly authorized agent of Prime Restoration CA LLC why it should not be held in contempt for its failure to comply with the subpoenas.

Any failure by Prime Restoration CA LLC to timely comply with this order will result in the undersigned certifying the facts set forth herein and otherwise of record to the presiding district judge and ordering Prime Restoration to appear before the presiding district judge for civil contempt proceedings.

IT IS SO ORDERED.

Dated:    **June 5, 2026**

_____
UNITED STATES MAGISTRATE JUDGE